UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jennifer Han<br><br>        Plaintiff,<br>v.<br><br>SS Smile Limo, LLC, Hanmaeum Limo LLC, Kil Woo Kim and Sung Jun Park<br><br>        Defendants. | No. 18-CV-15365<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Jennifer Han, through her attorneys, for her Complaint against SS Smile Limo, LLC, Hanmaeum Limo, LLC, Kil Woo Kim and Sung Jun Park ("Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), and New Jersey Wage Payment Law, N.J.S.A. §§ 34:11-4.1 *et seq.*; the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-56a *et seq.*; and the New Jersey Wage and Hour Regulations, N.J.A.C. §§ 12:56 *et seq.* for Defendants' failure to pay minimum and overtime compensation to Plaintiff. During the course of her employment by Defendants, Plaintiff regularly worked more than eight (8) hours per day and over forty (40) hours per week. Defendants did not pay Plaintiff her minimum and overtime compensation. Plaintiff further alleges that Defendants' failure to pay minimum and overtime wages was willful and intentional.

2.      Also, Plaintiff seeks to redress for the discrimination suffered by the Plaintiff in

1

violation of the Title VII of the Civil Rights Act.

## JURISDICTION AND VENUE

3. Jurisdiction of this court is invoked and authorized pursuant to Title VII of the Civil Rights Act of § 1964, as amended, 42 U.S.C.§ 2000(e), et seq., as amended in the Civil Rights Act of § 1991, (referred to herein as "Title VII), and § 1981 of the §1871 Civil Rights Act, 42 U.S.C.§1981 (referred to herein as "1981").

4. Venue is proper in the District of New Jersey because the actions complained of occurred in this District.

5. Plaintiff filed a timely "Charge of Discrimination", Charge number 524-2018-00681, with the Equal Employment Opportunity Commission ("EEOC") on or about January 24, 2018.

6. Plaintiff received her Right to Sue notice from the EEOC regarding Charge number 524-2018-00681 on July 30, 2018.

7. This complaint is timely filed within ninety days of Plaintiff's receipt of her Right to Sue notice. The letter is attached to this complaint as Exhibit A.

## Parties

8. Plaintiff, Jennifer Han, (hereinafter referred to as "Han" or "Plaintiff") is a citizen of the State of New Jersey and she resides within the territorial jurisdiction of the United States District Court for the District of New Jersey. Plaintiff is a female and at all relevant times, Plaintiff was an employee within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq*.

9. Han began her employment for SS Smile Limo, LLC on about October 9, 2017.

10. SS Smile Limo, LLC. (hereinafter "Defendant" or "Smile Limo") is a New Jersey Limited Liability Company doing business as Smile Limo that operates over 20 taxis and/or limousines and provides transportation service in New Jersey and New York. Defendant SS Smile Limo, LLC was an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq*.

11. Hanmaeum Limo, LLC is a New Jersey Limited Liability Company doing business as Hanmaeum Limo and operates taxis and/or limousines and provides transportation service in New Jersey and New York. Defendant Hanmaeum Limo, LLC was an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq*.

12. SS Smile Limo, LLC and Hanmaeum Limo, LLC are operated in one business. They have one unified operation system and one office in New Jersey.

13. Defendant, Kil Woo Kim is a citizen and is the manager of Defendants SS Smile Limo, LLC and Hanmaeum Limo, LLC.

14. Defendant, Sung Jun Park is a citizen and is the president of Defendants SS Smile Limo, LLC and Hanmaeum Limo, LLC.

### Background Facts

15. Plaintiff was hired by Defendants on or about October 9, 2017 as a dispatcher at Defendants' location in Fort Lee, New Jersey.

16. That as a dispatcher Plaintiff was responsible for numerous tasks including but not limited to, answering incoming calls, taking orders, assigning drivers, and processing payment.

17. Kil Woo Kim, a manager of Smile Limo, often remarked that he needed a

male worker for her position. Until he fired her, he constatnely mentioned the same comment to her.

18. On Plaintiff's paychecks, Defendants wrote a note "female employee" in Korean.

19. During plaintiff's employment, Kim kept looking for a male employee.

20. On about October 28, 2017, Kim fired Plaintiff. Kim told her that he did not need her because he found a male employee. Kim then hired a male employee.

21. A few days later, Kim called and asked Plaintiff to return to work because the male employee quitted the job.

22. After Plaintiff returned to work, Kim again often remarked and spoke out that he needed a male employee instead of Plaintiff.

23. On December 8, 2017, Kim terminated Plaintiff's employment.

## Unpaid Wage

24. Plaintiff was at all times relevant hereto employee of Defendants.

25. Plaintiff was at all times relevant hereto individual employed in the State of New Jersey by Defendants.

26. Plaintiff was at all times relevant hereto a non-exempt employee within the meaning of the FLSA, and NJSA, NJAC and the implementing rules and regulations of the FLSA and NJSA.

27. Plaintiff is filing this FLSA claim as an individual action for himself.

28. For the period commencing on or about October 9, 2017 until December 8, 2017, Plaintiff regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants eight (8) hours per day and over forty (40) hours per week.

29. Plaintiff started her work at 10 pm and she ended at 6 am on the following day. From November 13, 2017 until her last day with the Defendants, she worked until 6:30 a.m. She usually worked 6 or 7 days per week.

30. Once Defendants issued her paycheck for a pay period between November 13, 2017 and November 19, 2017. Unfortunately Plaintiff lost her paycheck so she asked Defendants to void the previous check and re-issue a new paycheck. But Defendants never issued any check and refused to pay her.

31. Plaintiff performed work for Defendants the said hours worked as an express condition of her continued employment.

32. Plaintiff performed manual labor for Defendants.

33. Plaintiff was assigned to the said manual labor by Defendants.

34. Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendants.

35. Plaintiff did not have to supply her own tools and equipment in connection with her work for Defendants.

36. Plaintiff was required to report to work for Defendants at a certain time.

37. Plaintiff could not set her own hours of work for Defendants.

38. Defendants, SS Smile Limo, LLC and Hanmaeum Limo, LLC are and were at all relevant times hereto engaged in the business of limousine and taxi Company.

39. Defendants, SS Smile Limo, LLC and Hanmaeum Limo, LLC are and were at all relevant times hereto engaged in the interstate commerce.

40. Defendants, Kil Woo Kim and Sung Jun Park managed, supervised, established and administered the terms and conditions of Plaintiff's employment.

41.     Defendants, Kil Woo Kim and Sung Jun Park participated in and approved of the unlawful pay practices of the business at Fort Lee in New Jersey.

42.     Defendants, Kil Woo Kim and Sung Jun Park were involved in assigning work to Plaintiff.

43.     Defendants, Kil Woo Kim and Sung Jun Park had the power and authority to discipline Plaintiff.

44.     Defendants, Kil Woo Kim and Sung Jun Park exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

45.     Defendants, Kil Woo Kim and Sung Jun Park hired Plaintiff.

46.     Defendants, Kil Woo Kim and Sung Jun Park were in charge of paying employees.

47.     Defendants, Kil Woo Kim and Sung Jun Park told Plaintiff where to work and when to work.

48.     Defendants employed Plaintiff to do work for them in the State of New Jersey.

49.     Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

50.     Defendants provided the tools and equipment and materials for Plaintiff to do her job with Defendants.

51.     Defendants held Plaintiff out as an employee.

52.     Defendants employed and paid Plaintiff as their employee.

53.     Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the N.J.S.A.

54. Defendants' failure to properly pay Plaintiff for minimum and overtime wages was intentional and willful.

55. No exemption from minimum wages applied to Plaintiff's employment with Defendants.

56. No exemption from overtime wages applied to Plaintiff when she worked more than 40 hours in a workweek for Defendants.

57. Defendants never obtained legal advice or counsel that them minimum and overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

58. Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

59. Defendants failed to pay Plaintiff overtime premium for all hours worked in excess of 40 hours per workweek.

60. Defendants' failure to pay Plaintiff at the proper minimum and overtime rate was intentional and willful.

61. Defendants SS Smile Limo, LLC and Hanmaeum Limo, LLC are New Jersey Limited Liability Companies and are enterprises as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

62. Upon information and belief, SS Smile Limo, LLC and Hanmaeum Limo, LLC have been, at all relevant times, enterprises engaged in commerce within the meaning of FLSA in that it (i) had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials

that have been moved in or produced for commerce by any person; and their (ii) annual gross volume of sales or business is not less than $500,000.

63. Upon information and belief, Defendants SS Smile Limo, LLC and Hanmaeum Limo, LLC, at all relevant times, were employers as defined by FLSA and NJWHL.

## JURISDICTION AND VENUE

**64.** This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and gender discrimination pursuant under Title VII. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

## COUNT I
### Violation of the Fair Labor Standards Act -Overtime Wages

65. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

66. This count arises from Defendants' repeated violation of the Fair Labor Standards Act, 29 U.S.C. §201. *et. seq.,* and for their failure to pay overtime wages to Plaintiff for all hours worked.

67. For the period commencing on or about October 9, 2017 until December 8, 2017, Plaintiff Jennifer Han regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of eight (8) hours per day and forty (40) hours per week.

68.     During her employment with Defendants, Plaintiff was paid the fixed amount per day regardless of the hours she worked in a day or a week.

69.     Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

70.     This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §216(b) and venue is proper in this judicial district.

71.     During the course of her employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

72.     Plaintiff was directed by Defendants to work and did so work, in excess of forty (40) hours per week.

73.     Pursuant to 29 U.S.C. §207, for all weeks, during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at a rate of one and one-half times her regular rate of pay.

74.     Defendants did not compensate Plaintiff at a rate of one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

75.     Defendants' failure and refusal to pay overtime premium at one-half times Plaintiff's rate of pay for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

76.     Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of one-half times Plaintiff's regular rate for all hours

which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the FAIR LABOR STANDARDS ACT
### Minimum Wage Claims

77. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

78. The FLSA requires employers, such as Defendants, to pay employees the minimum wage for all hours worked.

79. At all relevant times, 29 U.S.C. § 206 has defined the minimum wage under the FLSA. Prior to July 23, 2008 (during the applicable statute of limitations), the federal minimum wage was $6.55 an hour. Since July 24, 2009, the federal minimum wage has been $7.25 an hour.

80. Under the applicable statute of limitations, Defendants have failed to pay Plaintiff the federally mandated minimum wage for all hours worked.

81. Plaintiff did not perform job duties or tasks that permit her to be exempt from minimum wage as required by the FLSA.

82. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A. Plaintiff seeks damages in the amount of all respective unpaid minimum wage compensation at minimum wage rate effective during the applicable work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

B. Plaintiff seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

C. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of NJWHL – Minimum Wages

83. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

84. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

85. The matters set forth in this count arise from Defendants' violation of the minimum wage provisions of the New Jersey Administrative Code 12:56-3.1 and the New Jersey Statutes Annotated 34:11-56a4 *seq.* Plaintiff brings this action pursuant to New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq.

86. At all relevant times herein, Defendants were "employers" as defined in the N.J.A.C. 12:56-2.1, and Plaintiff was "employee" within the meaning of that Act.

87. Pursuant to 34:11-56a4, for all hours during which Plaintiff worked, Plaintiff was entitled to be compensated minimum wages.

88.     Defendants did not compensate Plaintiff minimum wages for all hours worked.

89.     Defendants violated the New Jersey Minimum Wage Law by refusing to compensate Plaintiff minimum wages for all hours worked.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A.  A judgment in the amount of unpaid minimum wages for all hours worked;

B.  Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.  Reasonable attorney's fees and costs incurred in filing this action; and

D.  Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of NJWHL - Overtime Wages

90.     All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and re-alleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

91.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

92.     The matters set forth in this Count arise from Defendant's violation of the minimum and overtime wage compensation provisions of the N.J.S.A. 34:11-56.

93.     Pursuant to N.J.S.A. 34:11-56a4, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times her normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

94.     Defendants failed to compensate Plaintiff's overtime wages for hours worked in

excess of forty (40) in individual work weeks.

95. Defendants violated the NJWHL by not compensating Plaintiff's minimum and overtime wages for hours worked in excess of forty (40) in individual work weeks.

96. Defendants willfully violated the N.J.S.A minimum and overtime wage law by refusing to compensate Plaintiff at one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours per week.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one-half times Plaintiff's regular rate for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT V
## WRONGFUL TERMINATION DUE TO
## TITLE VII GENDER DISCRIMINATION

97. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and re-alleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

98. Plaintiff was discriminated based on her gender. Throughout her employment, Plaintiff was subjected to incidents of offensive treatment by her direct supervisor because she was a female.

99. This offensive treatment was regularly directed at the Plaintiff including without limitation at times contemporaneously with her separation.

13

100. Until her separation, Plaintiff was subjected to derogatory and offensive motivated remarks and comments coupled with an adverse employment action.

101. The Plaintiff has each suffered economic and other damages as a result of being terminated from her respective employment by Defendants.

WHEREFORE, Plaintiff respectfully requests a judgment against Defendants as follows:

A.  Compensatory damages for back pay, front pay, economic and employee benefits and interest thereon;

B.  Compensatory damages for the severe humiliation, severe emotional stress, pain and suffering and physical distress caused as a direct and proximate result of Defendants discrimination and discharge of these aforementioned Plaintiff;

C.  Punitive Damages;

D.  Reasonable attorney's fees and costs; and

E.  Such further relief as is equitable and just.

## JURY TRIAL

A jury trial is demanded on all Counts.

Respectfully submitted,

Dated: October 26, 2018

      /s/ Ryan Kim
Ryan J. Kim

Ryan Kim Law
163-10 Northern Blvd. Suite 205
Flushing, NY 11358
Attorney for Plaintiff